367 So.2d 415 (1979)
AMERICAN INSURANCE COMPANY
v.
DUO FAST DIXIE, INC., et al.
No. 9981.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1979.
*416 Porteous, Toledano, Hainkel & Johnson, James L. Donovan, New Orleans, for plaintiff-appellant.
James J. Morse, New Orleans, for defendants-appellees.
Before STOULIG, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
Plaintiff in this case is a workmen's compensation insurer of Carroll Naquin who sued to recover the amounts paid to the dependents of Clement Blanchard, Jr., an employee of Naquin who was fatally injured while working at a construction site. The trial judge found for the defendants and dismissed plaintiff's suit. We agree.
There is little dispute as to the facts of this case. The insured employer, Naquin purchased an air compressor from defendant, Duo Fast Dixie in the early 1970's. This compressor was wired to run on 110 volts. However, Mr. Naquin had been told that the compressor would last longer if it was operated on 220 volts. Six months after purchase an electrician rewired the machine from 110 to 220 volts. At Naquin's request he also made an extension cord and attached it to a special plug which was then attached to the air compressor. This cord had four wires which were connected to a four prong plug.
In June 1975 Naquin had mechanical problems with the machine. He arranged to have Duo Fast Dixie repair the compressor and to lend him a replacement unit free of charge.
The loaneror replacementunit was delivered by defendant Robert Troia, a salesman for Duo Fast. This machine was also a 110 volt unit. It had been tested by defendant's service department prior to delivery.
When the loaner unit was delivered Naquin realized that the plug on it would not fit his extension cord. He had a 110 voltage outlet available but did not choose to connect the compressor to it. Naquin removed the plug from his broken unit and attached it to the replacement unit. Troia said in his deposition that if he had noticed Naquin making some mistake he would have warned him. Neither man had any electrical training.
After the rewiring the replacement unit was plugged into a 220 voltage outlet, turned on and it appeared to function properly. However, Naquin touched it and received a shock. Troia touched it and was not shocked. Despite his testimony in deposition that when one is shocked by a machine "something would have to be attended to" and an electrician should check the equipment, Naquin decided that he had only imagined the shock and decided to use the compressor. The compressor was used all that afternoon without incident. However, the next morning Clement Blanchard Jr. was electrocuted when his forehead touched the machine.
Ambrose K. Ramsey Jr., an electrical engineer, examined the machine. His report is in the record. Ramsey concluded that the metal parts of the unit were electrified "as a result of using a 220 v outlet and an improper connection of the conductors in the extension cord and/or in the plug attached to the motor leads."
In Louisiana, compensation benefits which have been paid may be recouped from a third party tortfeasor even though *417 the employer was himself negligent. Vidrine v. Michigan Millers Mutual Insurance Co., 263 La. 300, 268 So.2d 233 (1972). However, the right of the insurer to recover benefits is contingent upon the employee's right to recover from the third party. LaLande v. Index Geophysical Survey Corp., 336 So.2d 1054 (La.App. 3rd Cir. 1976); Bell v. Carolina Casualty Insurance, Co., 227 So.2d 171 (La.App. 2d Cir. 1969) w. d., 255 La. 151, 229 So.2d 733.
Appellants argue that defendants were negligent in failing to warn of the possible dangers resulting from converting the 110 volt unit to a 220 volt unit. It is true that retailers of potentially dangerous products have a duty to warn purchasers of the dangers involved in using the product. Hoffoss v. Ralston Purina Co., 341 So.2d 605 (La.App. 2d Cir. 1977). However, this duty to warn goes only to those dangers which are not obvious. There is no duty to warn of dangers of which the buyer knows or should be aware. Where the consequences of improper usage are such that they will be readily cognizable, there is no duty to warn of the particular consequences that may flow therefrom. Albert v. J. & L. Engineering Co., 214 So.2d 212 (La.App. 4th Cir. 1968); Foster v. Marshall, 341 So.2d 1354 (La.App. 2d Cir. 1977), w. d., La., 343 So.2d 1077; Leonard v. Albany Machine & Supply Co., 339 So.2d 458 (La.App. 1st Cir. 1976) w. d., La., 341 So.2d 419; Dixon v. Gutnecht, 339 So.2d 1285 (La.App. 1st Cir. 1976) w. d., La., 342 So.2d 673.
The danger involved here was created by Naquin's improper conversion of the connection of the 110 volt unit and in then using it with a 220 voltage outlet. There is testimony that the unit contained instructions as to how to accomplish such a process properly. That one may be harmed if the connection is made improperly is obvious. Also in this case Naquin himself was shocked, yet he attributed this to his imagination and chose to use the compressor anyway.
Appellant also argues that Troia participated in the "negligent" conversion. The evidence shows that Troia removed the plug from the replacement unit. However, he did not participate in connecting the new plug but merely observed. The trial judge found no negligence on his or Duo Fast Dixie's part. There is no evidence in the record which would indicate any manifest error on the part of the finder of fact. Canter v. Koehring Co., 283 So.2d 716 (La. 1973).
For the foregoing reasons the decision of the trial court is affirmed.
AFFIRMED.