466 So.2d 652 (1985)
Mary Ann Cabes Picolo, Wife of/and John A. PICOLO, Sr., et al.
v.
FLEX-A-BED, INC., et al.
No. 84-CA-438.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
Writ Denied May 3, 1985.
*653 Clark A. Richard, Richard T. Regan, Francipane, Regan & St. Pee', Metairie, for plaintiffs-appellants.
Franklin D. Beahm, Robert D. Ford, Hammett, Leake & Hammett, New Orleans, for defendant-appellee.
Before CHEHARDY, KLIEBERT and GRISBAUM, JJ.
KLIEBERT, Judge.
This is an appeal by the plaintiffs, Mary Ann Picolo, wife of/and John A. Picolo, (Picolo) from a dismissal of their products liability suit on a motion for summary judgment of one of the defendants, Morris Kirschman, Inc. (Kirschman). We affirm.
Plaintiffs sued Kirschman, the seller, and Flex-A-Bed, Inc., the manufacturer, as cotortfeasors, for injuries sustained by Mr. Picolo when a bed collapsed. Kirschman and Flex-A-Bed filed third party petitions against each other for indemnification and/or contribution. Additionally, in response to plaintiffs' original petition, Kirschman filed, amongst other motions and exceptions, two motions for summary judgment. The first was based on the plaintiffs' expert's deposition expressing the view the bed's collapse was caused by a defective weld which was not readily visible or discoverable by inspection. The second was based on the fact Picolo had settled his claim with Flex-A-Bed and had agreed to indemnify Flex-A-Bed from any adverse judgments; hence, Kirschman argued plaintiffs' claim was extinguished by confusion. The trial judge granted both motions for summary judgment.
As to the first motion for summary judgment, plaintiffs contend their expert's opinion, i.e., the defective weld which caused the bed to fall was not readily visible did not exclude all other causes as to the bed's collapse, hence, the motion for summary judgment should not have been granted. On the second motion for summary judgment, plaintiffs argue Kirschman was not entitled to indemnification from Flex-A-Bed, therefore, the trial judge erred in granting the motion.
*654 A non-manufacturer vendor of a defective product is liable for damages in tort only if he knew or should have known that the product was defective and he failed to declare the defect to the vendee. Harris v. Atlanta Stove Works, Inc., 428 So.2d 1040 (1st Cir.1983); Reeves v. Great Atlantic and Pacific Tea Co., 370 So.2d 202 (3rd Cir.1979), writ denied 371 So.2d 835 (La.1979). The non-manufacturer vendor is not required to inspect the product prior to sale to determine the possibility that non-apparent inherent defects might exist. Harris v. Atlanta Stove Works, Inc., supra.
Whether a defect is obvious and apparent is a factual determination. Accordingly, to grant the motion for summary judgment there must be no material issue of fact as to the defect complained of. See Harris v. Bardwell, 373 So.2d 777 (2nd Cir.1979); J.B. Horne v. Travelers Ins. Co., 452 So.2d 204 (5th Cir.1984).
In his deposition, plaintiffs' expert engineer said the bed collapsed because of a defective weld. There is no mention in affidavits or depositions of some other positive cause for the bed's collapse. In his view, such defects would not only be non-apparent but non-discoverable by a lay person. The defect here was discovered by him only after having magnified the weld 30× (30 times) normal vision. Additionally, both the testimony of plaintiffs' expert and the owner of Flex-A-Bed indicate the facia attached to the bed's structure tended to conceal the welds from view. In our view, this engineer's testimony was sufficient to prove the defective weld was the cause of the bed's collapse and the same was not readily visible or discoverable.
Nevertheless, plaintiffs argue Kirschman was a professional vendor and, as such, although it may not have had actual knowledge, it had presumed knowledge of the defect in the weld. Plaintiffs cite Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La.1978) in support of his position Kirschman was a professional vendor. Plaintiffs' affidavit asserts that Kirschman held the bed out as its own and failed to inform the public it was not the manufacturer. However, it is clear Kirschman advertised and sold the product as a "Flex-A-Bed", which was in fact manufactured by Flex-A-Bed, Inc. Further, there is nothing to indicate Kirschman exercised any type of control over the operations of Flex-A-Bed, Inc. Pure and simply, there is nothing to indicate Kirschman was a "Professional Vendor" within the meaning of the term as outlined in Chappuis v. Sears Roebuck & Co., supra.
Since the defect was not readily visible and discoverable, Kirschman, as the seller, could not be held liable for the defect which was alleged to have caused the bed to collapse and hence was entitled to have the suit against it summarily dismissed.
On the second motion for summary judgment, Kirschman contends any claim plaintiffs would be entitled to recover from Kirschman would be recoverable by Kirschman from Flex-A-Bed under the provisions of Civil Code Article 2531 and by virtue of the indemnification agreement the same amount would be recoverable by Flex-A-Bed from plaintiffs. Consequently, contends Kirschman, plaintiffs being both the claimant and the debtor under the provisions of Civil Code Article 2217, the claim is extinguished by confusion. We do not pass on that contention, however, because having decided the basis for the first motion for summary judgment entitled Kirschman to a summary judgment of dismissal, we need not rule on the second motion.
Accordingly, the trial judge's dismissal of the claim against Kirschman on a motion for summary judgment is affirmed. The cost of the appeal is to be borne by the appellant.
AFFIRMED.