529 So.2d 509 (1988)
John E. FRIAR, et al.
v.
CATERPILLAR, INC., et al.
No. 88-CA-115.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1988.
Writ Denied October 28, 1988.
Byard Edwards, Jr., Ponchatoula, for plaintiffs-appellants.
C.G. Norwood, Jr., Michael M. Noonan, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, for defendants-appellees.
Before CHEHARDY, GAUDIN and GRISBAUM, JJ.
*510 GRISBAUM, Judge.
The plaintiffs-appellants, husband and wife, sue the manufacturer of a forklift that was being used to stack angle iron when the husband was accidentally injured. From the granting of a summary judgment in favor of the defendant Caterpillar Tractor Company, plaintiffs appeal. We affirm.
ISSUE
The two-prong query, as in any appeal relating to summary judgment, is whether there is an issue of material fact and whether the moving party is entitled to judgment as a matter of law.
BASIC FACTS AND PROCEDURAL HISTORY
On September 18, 1984, the plaintiffs filed suit for damages against Caterpillar, Inc. (i.e., Caterpillar Tractor Company) and Boyce Machinery Corporation alleging, in part, the following:
II.
That on or about September 22, 1983, during the course and scope of plaintiff's employment with Bayou Steel Corporation in New Orleans, Louisiana, as a truck driver, he was on the ground setting stacking timbers between the steel being unloaded off his truck by the forklift operator when, suddenly, negligently and without warning, the operator used the wrong control and tilted instead of lowering the fork's blade.
III.
Due to the fact that there was no stop on the end of the blade, the steel slid off and hit the plaintiff, seriously injuring him.
IV.
Defendant, CATERPILLAR, INC.[,] manufactured the product and defendant, BOYCE MACHINERY CORPORATION[,] sold the forklift. Defendants were aware of the use of the forklift but failed to provide the safety stops, thereby contributing to the manufacture and sale of a defective product.
After Caterpillar filed declinatory exceptions, the plaintiff on April 30, 1985 filed a Supplemental and Amending Petition that named Caterpillar as "Caterpillar Tractor, Inc." and alleged, as a correction of Paragraph IV of its original Petition, the following:
"IV"
Defendant, CATERPILLAR TRACTOR, INC.[,] manufactured the product and defendant, BOYCE MACHINERY CORPORATION[,] sold the forklift. Defendants were aware of the use of the forklift but failed to provide the safety stops, thereby contributing to the manufacture and sale of a defective product.
On May 9, 1985, Boyce Machinery answered the plaintiffs' allegations and propounded interrogatories to the plaintiff John E. Friar. Answers to the interrogatories were filed June 10, 1985. On June 6, 1985, Caterpillar answered, denying the substantive allegations as to it, and, further, alleging the following:
10.
The forklift, at the time it left the custody and control of Caterpillar Tractor Co., was free from any defect or vice, and reasonably fit for its intended use and purpose.
11.
The damages of which plaintiffs complain were caused by the fault or negligence of a person or persons for whom Caterpillar Tractor Co. has no responsibility, including but not limited to the victim fault of the plaintiff, John E. Friar, which negligence or fault is specifically pleaded as a bar to, or in the alternative, to diminish proportionately plaintiffs' recover[y] for the claims asserted herein. John Friar's negligence or fault consisted of the following acts:
(a) Failure to maintain a proper lookout;
(b) Failure to see and hear what he should have seen and heard;

*511 (c) Failure to take necessary and adequate steps to ensure his own safety;
(d) Being in an area in which he should not have been;
(e) Failing to follow instructions properly;
(g) Engaging in unsafe work practices;
(h) Such other acts of negligence or fault as may be proved at trial.
12.
In the further alternative, defendant, Caterpillar Tractor Co., says that plaintiff, John E. Friar, with full knowledge and appreciation of the risk posed by the situation in question, voluntarily assumed that risk by acting in the manner in which he did.
13.
The alleged incident and the damage resulting therefrom were caused solely or in part by the alteration and/or misuse of the forklift in question by other than defendant, Caterpillar Tractor Co.
In response to Paragraph XIV of its Answer, Caterpillar on the same date was granted a jury trial. Caterpillar filed a separate Answer denying the allegations of Paragraph XIV of plaintiffs' Supplemental and Amending Petition.
Caterpillar also propounded interrogatories to John E. Friar. Friar filed Answers thereto on October 9, 1985. Friar states he received no warnings from Caterpillar and asserts that the forklift was defective in that there were "No stoppers on end of forks. Should have put magnets because steel on steel slips. Steel still slipping today. Could have put wooden anti-skid pads. Could have put clamp." The plaintiff says the accident occurred as follows: "Plaintiff was working the midnight shift driving a truck. Another worker was unloading 40[-]foot channel iron. Plaintiff was guiding the stacking about 7:30 A.M.. [sic] The co-worker was signaled to lower the load with his forklift but instead tilted it. The iron slipped off the forks and pinned plaintiff against the stock."
On June 19, 1985, Bayou Steel Corporation filed an intervention in this suit adopting the plaintiffs' allegations. On July 22, Caterpillar filed an Answer to the intervention, denying the allegations.
On January 27, 1986, the case was first set for trial to be held February 25 and 26, 1986. On February 4, at Caterpillar's instance, trial was continued until April 1, 1986. Trial was not held on this date. On October 4, 1986, Caterpillar filed its first Motion for Summary Judgment, submitting in support a memorandum and excerpts from the deposition of Asa Leathers, driver of the forklift at the time of the accident. Hearing, on motion of plaintiffs' counsel, was continued from November 7, 1986 until December 12, 1986 to allow additional discovery to be had. Plaintiffs filed opposition to the summary judgment motion on December 18, 1986. Plaintiffs also submitted an affidavit attesting that certain imperative discovery was not yet completed. Argument was had on December 12 and the matter was taken under advisement. The record reveals no disposition of the motion.
On December 18, 1986, plaintiffs filed the following First Amending and Supplemental Petition, to wit:
FIRST AMENDING AND SUPPLEMENTAL PETITION
NOW INTO COURT, through undersigned counsel comes John E. Friar, plaintiff in the above entitled and numbered cause, respectfully represents that he desires to supplement and amend his original petition filed herein on the 11th day of September 1984, in the following respects:
1. By amending paragraph II to read as follows:
II.
That on or about September 22, 1983, during the course and scope of petitioner[']s employment as a truck driver with Bayou Steel Corporation in LaPlace, Louisiana, he was on the ground setting *512 stacking timbers between the bundles of steel being unloaded off his truck by a forklift and at all times was acting in a safe, normal and prudent manner.
2. By changing paragraph III to read as follows:
III.
The operator of said forklift was acting in the manner of a normal and prudent operator when suddenly and without warning the bundle of steel on the forks of the lift slid off of the forks and hit the petitioner, seriously injuring him.
3. By adding paragraph III-A to read as follows:
III-A
The operator of the forklift herein tilted the forks in what would have been a prudent fashion, but because of the extremely low co-efficient of friction between the steel forks or the bundle of steel, and due to the lack of any stops on the forks, and holding clamp or friction increasing material or devices on the forks[,] the load of steel slid off the forks on to the petitioner.
4. By amending paragraph IV to read as follows:
IV.
Defendant, Caterpillar, Inc.[,] manufactured the product and defendant, Boyce Machinery Corporation[,] sold the forklift. Defendants were aware of the use of the forklift but failed to provide the safety stops or other restraints, thereby contributing to the manufacture and sale of a defective product which defects were the sole cause of the injuries herein.
WHEREFORE, Petitioner, reiterating the prayer of his original petition as though set forth at length herein, prays that this original petition be supplemented and amended in the above particulars and that, after due proceedings had, there be judgment herein in favor of the petitioner, John E. Friar[,] and against the defendants, Caterpillar, Inc.[,] and Boyce Machinery Corporation, as originally prayed for herein.
Caterpillar answered this petition with denials of the allegations on February 13, 1987. On March 23, 1987, a pre-trial conference was held, begetting various housekeeping orders.
On April 29, 1987, defendant Caterpillar, Inc. again moved for a summary judgment, and hearing on the motion was set for May 15, 1987. Caterpillar submitted an extensive memorandum in support of its motion. Caterpillar on May 4, 1987 was granted leave to file a portion of the deposition of Frederick Brown in support of the summary judgment. Plaintiffs opposed the motion by a memorandum filed May 14, 1987. On May 15, 1987, Caterpillar's summary judgment was heard and was granted by judgment signed June 8, 1987.
LAWSUMMARY JUDGMENT
As we have set forth in Toups v. Hawkins, 518 So.2d 1077, 1078-79 (La.App.5th Cir.1987),
The mechanism of summary judgment in civil proceedings is provided for by La.C.C.P. art. 966, which states:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

*513 C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
The jurisprudence interpreting this provision makes clear that summary judgment should be granted only when reasonable minds must conclude that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979). A decision on the motion necessarily involves an examination of the merits of the case as they appear through the pleadings and supporting documentation submitted on trial of the motion.[1]Jones v. City of Kenner, 442 So.2d 1242, 1245 (La.App. 5th Cir.1983).
On appeal, an appellate court reviews the whole of the case submitted, being "permitted to pierce the mere allegations in the pleadings and consider the depositions, affidavits, and admissions on file in order to determine if summary judgment is appropriate." Williams v. Ingredient Technology Corp., 470 So.2d 283, 285 (La.App. 5th Cir.1985).
Our jurisprudence further reflects that "the mere allegation of a fact in the pleadings, as opposed to proof to the contrary, will not ordinarily be sufficient to show that a genuine issue of material fact exists." Duplechain v. Houston Fire & Casualty Ins. Co., 155 So.2d 459, 464 (La. App.3d Cir.1963). Moreover, a plaintiff (at least where he has had sufficient opportunity for discovery) cannot preclude summary judgment by asserting that he had no knowledge or facts needed to defeat the motion. Chatman v. Thor Offshore Boat Serv., 410 So.2d 784, 786 (La.App.4th Cir. 1982), writ denied, 414 So.2d 389 (La.1982). Finally, it remains for the judge, not a jury, to decide questions of law on a motion for summary judgment. Daigle v. Cobb, 175 So.2d 392, 396-97 (La.App.4th Cir.1965), writ denied, 248 La. 363, 178 So.2d 655 (1965), disapproved, in part, in Canter v. Koehring Co., 283 So.2d 716, 722 n. 8 (La. 1973) (this disapprobation not reaching the principle for which the case is cited here). Where, for example, documents filed in support of and in opposition to the motion present no factual contradiction but merely assert conflicting conclusions premised on the facts, the legal issue presented admits of decision on motion for summary judgment. Carmouche v. Eserman, 259 So.2d 600, 602 (La.App.4th Cir.1972), writ denied, 261 La. 825, 261 So.2d 230 (1972).
ANALYSIS
Initially, we note the trial court, in its Reasons for Judgment, stated:
The undisputed facts are these. John Friar, plaintiff, was directing Asa Leathers, a fork lift operator, on where to stack a load of steel angle irons. Friar *514 gave a hand signal by which he meant for Leathers to lower the load straight down. Leathers interpreted that signal to mean that he should tilt the fork forward, and did so. The load of steel slid off the forks and struck Friar, allegedly injuring his leg.
Plaintiff subsequently sued Caterpillar, alleging that the fork lift was defectively designed. After protracted discovery, plaintiff produced Frederick J. Brown, an expert. Dr. Brown stated repeatedly in his deposition that he knew of no defect in the fork lift when it left Caterpillar, Inc.. [sic] He also was of the opinion, however, that the use to which Bayou Steel put the machine was inappropriate. The basis of this opinion was that the blades of the fork lift were smooth steel, and that the coefficient of friction between these blades and the steel bundles being moved was low. The bundles would thus tend to slide if the blades were tilted forward.
In Winterrowd v. Travelers Indemnity Co., 462 So.2d 639 (La.1985), the court stated the following:
The law in Louisiana today requires that a manufacturer provide warning of any danger inherent in the normal use of its product which is not within the knowledge of an ordinary user. Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La.1978). The duty to warn does not include dangers which are obvious to the ordinary user.
Plaintiff opposes the present motion on the grounds that he should be permitted further discovery on the issue of whether Catperillar [sic] knew that its machine was dangerous for the uses intended by Bayou Steel, and sold in spite of this knowledge. This question is not relevant on the present facts as to Caterpillar's liability. The fact that objects would slide off the forks at varying angles of tilt, depending on the coefficient of friction, is so obvious to any user, that Caterpillar had no duty to warn of this danger. That Bayou Steel, or its employee, may have been negligent in using the machine cannot form the basis for imposing liability on Caterpillar on any theory of products liabaility [sic] for improper design or failure to warn.
We agree and observe plaintiffs who doggedly assert that the forklift was defective, notwithstanding the absence of any evidence beyond their assertions that the forklift, insofar as being a forklift, bore any discernible defect. Rather, any defect, even according to the deposition testimony of plaintiffs' own expert, must arise from the use of the forklift in the peculiar environment presented. That is, inasmuch as the forklift has never been shown to be intrinsically defective by the plaintiffs, it can be defective, if at all, only in the context of its use.
The plaintiff in a products liability case must prove "that the product was defective, i.e., unreasonably dangerous to normal use, and that the plaintiff's injuries were caused by reason of the defect." DeBattista v. Argonaut-Southwest Ins. Co., 403 So.2d 26, 30 (La.1981), cert. denied, 459 U.S. 836, 103 S.Ct. 82, 74 L.Ed.2d 78 (1982), quoting Weber v. Fidelity & Casualty Co. of New York, 259 La. 599, 250 So.2d 754, 755-56 (1971).
Regarding use, our jurisprudence reminds us that, cause-in-fact aside, the plaintiffs must prove that the forklift was "unreasonably dangerous," which "means simply that the article which injured the plaintiff was dangerous to an extent beyond that which would be contemplated by an ordinary consumer." See DeBattista, supra. It must be remembered that "The law does not require that the manufacturer make the product `fool proof' or `accident proof.'" Panek v. Gulf Ins. Co., 341 So.2d 46, 51 (La.App.3d Cir.1976), quoting Gauthier v. Sperry Rand, Inc., 252 So.2d 129 (La.App.3d Cir.1971), writ denied, 259 La. 940, 253 So.2d 382 (1971).
Here, the defendant has produced a device of longstanding general utility. The defects asserted by the plaintiffs in no manner detract from this utility but, instead, would, if established, demonstrate that the forklift might be more precisely tailored to the chores to which it was applied. If the potential for tailoring indeed *515 exists, we conclude that defendant Caterpillar has no duty to undertake such a task. Not Caterpillar but plaintiff Friar's former employer is in the best position to precisely integrate its equipment with its peculiar needs.
More importantly, the danger here arises not so much from the forklift but instead from the workings of gravity in combination with the loads placed on the forks. Given these readily apparent elements of risk and given the obvious utility of the machine, our conclusion is that, as a matter of law, the plaintiffs have shown no shortcomings presenting any danger beyond that which would be contemplated by an ordinary consumeri.e., no legally cognizable defect is alleged. See, generally, Efferson v. Link Belt Corp., 476 So.2d 528 (La.App. 1st Cir.1985).
As to a defect presented by a failure to warn, no duty to warn arises as to dangers which are common knowledge. Ducote v. Liberty Mutual Ins. Co., 451 So.2d 1211 (La.App.4th Cir.1984), writ denied, 457 So.2d 15 (La.1984). Here, gravity and the relative slipperiness of steel on steel present such common dangers, as the court concluded.
Accordingly, after a careful analysis of the entire record, bearing in mind our statutory law and our jurisprudential guidelines, we discern no error in the trial court's determination that there is no issue of material fact and that the defendant, Caterpillar Tractor, is entitled to judgment as a matter of law.
For the reasons assigned the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.
NOTES
[1] La.C.C.P. art. 967 provides for the submission of such documentation and delineates the burden of proof thereon as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offending party or attorney may be adjudged guilty of contempt.