555 So.2d 46 (1989)
Kevin HOPPER
v.
CROWN, et al.
No. CA 88 1674.
Court of Appeals of Louisiana, First Circuit.
December 19, 1989.
Writ Granted March 30, 1990.
Gordon R. Crawford, Gonzales, for plaintiff-appellant Kevin Hopper.
John W. Perry, Baton Rouge, for defendant-appellee Boyce Machinery.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LOTTINGER, Judge.
This is an appeal by the plaintiff, Kevin Hopper, from a dismissal of his products liability and negligence suit against one of the defendants, Boyce Machinery Corporation, on their motion for summary judgment.
The plaintiff sued Crown Controls Corporation, the manufacturer of, and Boyce Machinery Corporation, the seller of a standup type forklift; Southwestern Steel Rolling Door Company, Manuel Knight D/B/A Knight's House of Doors, and Taylor & Samaha Construction and Enterprises, Inc., the manufacturer, seller, and installer, respectively, of the roll-up door which was struck by the forklift plaintiff was operating; and their respective insurers, as cotortfeasors, for injuries he sustained in a forklift accident. Hartford Accident and Indemnity Company intervened as the plaintiff's employer's workers compensation insurer; and the plaintiff and Hartford reconvened against one another for attorney's fees.
*47 Defendant, Boyce Machinery Corporation (Boyce), filed a motion for summary judgment on the grounds that as the non-manufacturer/seller of the allegedly defective forklift, it could only be held responsible for damages in tort if it knew or should have known of a defect in the forklift and failed to declare it; or if it negligently failed to warn the plaintiff of some dangerous propensity of the forklift that was not obvious to an ordinary user. The trial court granted Boyce's motion for summary judgment and the plaintiff appeals devolutively, assigning the following specifications of error:
1. The trial court erred in concluding that Boyce Machinery Corporation owed no duty to warn of the potential hazards of operating the series RR 45 Forklift Reach Truck.
2. The trial court erred in concluding that there was no duty on Boyce Machinery Corporation to warn of the potential hazards while operating a Series RR 45 Forklift which contained unreasonably dangerous defects, namely no door or restraint to prevent operator ejection.
3. The trial court erred in concluding that Boyce Machinery Corporation owed no duty to instruct or train Associated Grocers warehouse employees as to the proper use of the Series RR Forklift.
4. The trial court erred in concluding the manner in which plaintiff, Kevin Hopper, was injured was a "freak accident."
5. The trial court erred in concluding Boyce Machinery Corporation owed no duty to Associated Grocers and its employees (including plaintiff) to perform a reasonable inspection of the work area (warehouse) where the forklift would operate.

FACTS
At the time of the accident, April 6, 1986, the plaintiff, Kevin Hopper, was employed by Associated Grocers, (AG), at their Baton Rouge, Louisiana warehouse. Mr. Hopper was a forklift operator at AG anu had been so employed for approximately three years prior to the accident.
Approximately seven months before the accident, AG purchased several new forklifts manufactured by Crown Controls Corporation (Crown) from Boyce. The plaintiff operated one of these forklifts from the time they were purchased until his accident for approximately twelve hours per day, five days a week.
These new forklifts were stand-up models designed in such a way that the operator stood facing sideways. They were equipped with an overhead rack to provide protection from falling objects and at the end opposite the forks there was an open space to allow for the entry and exit of the operator. The forklifts contained no operator restraint devices such as seatbelts or a door across this opening. The plaintiff and his fellow employees had been instructed to operate these forklifts with the forks and load trailing; that is, open end first. The reason being that the operator's vision is obstructed by the load if he travels in the opposite direction.
Several doors in the AG warehouse, including the one struck by the plaintiff, had a clearance of ten feet or 120 inches. The new Crown forklifts required a minimum of 119 inches clearance with the boom all the way down. It is undisputed that the plaintiff, as well as his fellow employees, supervisors, and AG's management, knew of the low clearance between the door struck by the plaintiff and the new Crown forklifts. The plaintiff and his fellow employees had been instructed to proceed slowly through these doors.
As the plaintiff was proceeding through one of these low clearance doors, open end first as he had been instructed, the boom of his forklift somehow hit the roll-up steel door above, and the forklift came to an abrupt halt, throwing the plaintiff through the opening at the rear of the forklift onto the floor. The impact knocked loose a large section of the concrete cinder block wall immediately above the door, and it crashed down onto the plaintiff causing him severe injuries and rendering him paraplegic.

*48 LAW-SUMMARY JUDGMENT
The law is clear that summary judgment should only be granted when reasonable minds must conclude that no genuine issue of material fact exists and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Mere allegations in the pleadings of certain facts, as opposed to some proof of those facts, will not ordinarily be sufficient to defeat a motion for summary judgment. Friar v. Caterpillar, Inc., 529 So.2d 509, 513 (La.App. 5th Cir.), writ denied, 532 So.2d 178 (La.1988); Duplechain v. Houston Fire & Casualty Insurance Company, 155 So.2d 459, 464 (La.App. 3rd Cir. 1963). It is the judge, not the jury, who must decide questions of law on a motion for summary judgment. Friar. "Where, for example, documents filed in support of and in opposition to the motion present no factual contradiction but merely assert conflicting conclusions premised on the facts, the legal issue presented admits of decision on motion for summary judgment." Friar at 513 (citing Carmouche v. Eserman, 259 So.2d 600, 602 (La.App. 4th Cir.), writ denied, 261 La. 825, 261 So.2d 230 (1972)).
The material facts in the instant case are not in dispute. It is undisputed that the forklift at issue did not have any type of occupant restraint system which would have prevented the plaintiff's ejection if employed at the time of the accident. It is further undisputed that both the plaintiff and the seller of the forklift, Boyce, knew of the absence of such restraining devices.
Assuming that the lack of restraining devices or failure of the manufacturer to warn of the possibility of ejection constituted a defect[1], nothing in the record indicates that Boyce, the seller, had actual knowledge that this was a defect. Whether or not Boyce should have known that this constituted a defect is a conclusion to be drawn from the facts of this case and as such is appropriate for summary judgment. Likewise, whether the danger of ejection from the forklift in question was obvious is a conclusion to be drawn from the facts, and where, as here, the relevant facts are undisputed, summary judgment is appropriate. Picolo v. Flex-A-Bed, Inc., 466 So.2d 652, 654 (La.App. 5th Cir.), writ denied, 467 So.2d 1134 (La.1985).

A NON-MANUFACTURER/SELLER'S DUTY TO WARN

DEFECTS
A non-manufacturer/seller in some instances has a duty to warn a purchaser of defects and/or dangerous propensities in the products he sells. In the case of a defective product, i.e. one which is unreasonably dangerous in normal use, the nonmanufacturer/seller can be held liable for damages in tort only if he knew or should have known that the product was defective and failed to declare the defect to the purchaser. Picolo. However, a vendor is not required to inspect a product to determine the possibility of non-apparent defects, and unlike the manufacturer, is not presumed to have knowledge of any defects. Martin v. Henderson, 505 So.2d 192 (La.App. 3rd Cir.1987); Picolo; Thomasson v. A.K. Durnin Chrysler-Plymouth, Inc., 399 So.2d 1205 (La.App. 1st Cir.1981); Harris v. Bardwell, 373 So.2d 777 (La.App. 2nd Cir.1979).
The alleged defect in the forklift at issue, the lack of operator restraining devices or the failure of the manufacturer to warn thereof, is a design defect, as opposed to a manufacturing defect. Although the design itself was readily apparent, it may not have been apparent to Boyce, the seller, that it constituted a defect. This is the responsibility of the manufacturer, not the retail seller. Weber v. Caterpillar Machinery Corporation, 542 So.2d 544, 553 (La.App. 5th Cir.) writs denied, 548 So.2d 332 and 334 (La.1989). The trial court had ample evidence to conclude that it was not apparent to Boyce that the lack of restraining devices constituted a defect. The plaintiff's bare allegations that it was apparent to Boyce that this *49 constituted a defect does not suffice to create a factual dispute such as to defeat Boyce's motion for summary judgment.
Indeed, if the design was so bad that it constituted an apparent defect, then it should have been apparent to the plaintiff as well as Boyce; thus rendering any warning useless. Therefore, the trial court was correct to conclude that Boyce had no duty to warn the plaintiff of the alleged defect since it was not apparent by simple inspection of the forklift.

DANGEROUS PROPENSITIES
Even absent a defect in a product, a non-manufacturer/seller of a potentially dangerous product must warn purchasers of any hidden dangers involved in using the product. American Insurance Company v. Duo Fast Dixie, Inc., 367 So.2d 415 (La.App. 4th Cir.1979); see also, Hebert v. Brazzel, 403 So.2d 1242 (La.1981); Ducote v. Liberty Mutual Insurance Company, 451 So.2d 1211 (La.App. 4th Cir.), writ denied, 457 So.2d 15 (La.1984); Foster v. Marshall, 341 So.2d 1354 (La.App. 2d Cir.), writ denied, 343 So.2d 1067 (La.1977) and 343 So.2d 1077 (La.1977). However, the duty to warn goes only to those dangers which are not obvious. There is no duty to warn of those dangers which the buyer knows of or should be aware of. "Where the consequences of improper usage are such that they will be readily cognizable, there is no duty to warn of the particular consequences that may flow therefrom." American, 367 So.2d at 417; see also, Hebert; Ducote; Foster.
In the instant case the trial court concluded that it was obvious that a sudden stop presented the risk of ejection, and therefore, there was no duty to warn of this. We agree. Although a forklift operator of reasonable intelligence, such as the plaintiff, cannot be presumed to have an intimate knowledge of the laws of physics, any person of reasonable intelligence knows, or should know, that when a moving vehicle comes to a sudden stop, the occupants thereof have a tendency to keep moving forward. And where, as here, there is an opening directly at the front of the forklift, coupled with an absence of any type of restraining device, it is obvious that a sudden stop presents the risk of being ejected from the vehicle. See, Friar; Dixon v. Gutnecht, 339 So.2d 1285 (La.App. 1st Cir.1976), writ denied, 342 So.2d 673 (La.1977).
The plaintiff's remaining specifications of error, i.e. that the trial court erred in concluding that Boyce had no duty to train AG's employees how to operate the forklifts, that Boyce had no duty to warn about the dangers posed by the low clearance under certain doors, and that the plaintiff's injuries were the result of a freak accident, are without merit and we affirm as to those issues for the reasons stated by the trial court.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court granting Boyce Machinery Corporation's motion for summary judgment is hereby affirmed. The cost of this appeal is to be borne by plaintiff-appellant.
AFFIRMED.
NOTES
[1] We note that the Louisiana Supreme Court has recently held that the lack of seatbelts in a small electric forklift did not constitute a defect. Ingram v. Caterpillar Machinery Corporation, 535 So.2d 723 (La.1988).