560 So.2d 890 (1990)
Kevin HOPPER
v.
CROWN, et al.
No. 89 CA 0240.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Rehearing Denied June 4, 1990.
*891 Gordon R. Crawford, Gonzales, for plaintiff-appellant.
A. Clay Pierce, Jr., Baton Rouge, for defendant-appellee.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
This is a tort suit. Plaintiff, Kevin Hopper, sued several defendants, including Manual Knight d/b/a House of Doors and his insurer, Millers Mutual Fire Insurance Company (hereinafter collectively referred to as Knight), seeking damages for serious injuries he sustained in an accident on April 6, 1986.[1]
While plaintiff was operating a forklift in the warehouse where he worked, the forklift struck an overhanging steel roll-up door; part of the concrete wall surrounding the doorway fell upon plaintiff. The steel roll-up door was sold and distributed by defendant Knight. Plaintiff in his petition alleged that Knight was negligent in failing to properly inspect the door, failing to correct the absence of a locking device on the door, failing to warn of the door's propensity to creep down when not securely locked, and failing to test the door to determine latent defects.
Knight answered plaintiff's petition, admitting that it sold and distributed the door, but denying the remainder of plaintiff's allegations; Knight also pled the defenses of contributory negligence, assumption of the risk, and/or victim fault.
Knight moved for a summary judgment, contending that it was a mere seller, that there was no defect in the steel roll-up door, and that if there were a defect, it was non-apparent such that Knight did not know nor should have known of the defect. The trial judge granted the motion for summary judgment and found that:
[t]here is no evidence in this record to show that there was a defect that was discernible either by a layman or by a professional salesman and there is no evidence in the record to show ... that this door ... was manufactured according *892 to the plans and specifications of Manual Knight.
The trial judge also found that Section 402(A) of the Restatement (Second) of Torts applied only to manufacturer/sellers and not to mere sellers as plaintiff contended.
From the trial court's judgment, plaintiff appeals. Plaintiff urges the following assignments of error:
1. The trial court erred in concluding that Knight owed no duty to sell and market non-defective steel doors.
2. The trial court erred in concluding that a mere seller, non-manufacturer of a defective product is not to be held to the same standard as a manufacturer.
3. The trial court erred in concluding that Section 402(A) of the Restatement (Second) of Torts is to be applied only to manufacturer-sellers and not to mere sellers.
In determining whether the trial court properly granted Knight's motion for summary judgment, we must consider the following principles. A motion for summary judgment should be granted "only if there is no genuine issue of fact and the mover is entitled to judgment as a matter of law." Manzella v. Terrebonne Parish Police Jury, 432 So.2d 414, 416 (La.App. 1st Cir. 1983); LSA-C.C.P. art. 966. As the supreme court explained in Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La. 1980),
On a motion for summary judgment the court must first determine whether the supporting documents presented by the moving party are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue; only at this point may he no longer rest on the allegations and denials contained in his pleadings.
In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits.
(Citations omitted).
In support of Knight's motion for summary judgment, Knight relied on the pleadings, a memorandum, an affidavit, and several depositions. We initially note that while the depositions in support of Knight's motion for summary judgment were properly filed in the record, the affidavit of the seller, Manual Knight, was not properly filed into the record.[2] The affidavit appears in the record, but is labeled "NOT FILED" in the index and contains no endorsement of the fact and date of filing. LSA-C.C.P. art. 253. For a document to be considered on a motion for summary judgment, it must be filed into evidence at the hearing on the motion or filed into the record. LSA-C.C.P. art. 966; Johnson v. Slidell Memorial Hospital, 552 So.2d 1022 (La.App. 1st Cir. 1989). Because the affidavit was neither filed into the record nor introduced into evidence at the hearing, it was not a part of the record in the court below and should not have been included in the record on appeal. Louisiana State Medical Society v. Louisiana State Board of Nursing, 552 So.2d 1008, 1010 n. 2 (La. App. 1st Cir.1989). For these reasons, we will not consider the Knight affidavit. Likewise, plaintiff's opposition to the motion for summary judgment in the form of affidavits and exhibits attached to his memorandum in opposition to the motion was also not filed in the record below. As was the case with Knight's affidavit, plaintiff's memorandum and affidavits were present in the record in this court, but were indexed in the chronological index as "NOT FILED", indicating they had never been filed into the record at the trial court level. For the same reasons as earlier stated, the memorandum and affidavits should not have been included in the record.
The liability of a seller for a defective product was set forth in a recent First Circuit case, Nelton v. Astro-Lounger *893 Manufacturing Co., Inc., 542 So.2d 128, 131 (La.App. 1st Cir.1989), as follows:
Tort liability for a defective product attaches to a non-manufacturer seller who does not vouch for the product by holding it out as his own or who is not a professional vendor or merchant `only if he knew or should have known that the product sold was defective, and failed to declare it.' Furthermore, a non-manufacturer seller `is not required to inspect a product prior to sale to determine the possibility of inherent vices or defects.'
(Citations omitted).
According to the depositions, several doors in the warehouse where plaintiff worked, including the one struck by plaintiff, had a clearance of 120 inches. The Crown forklift plaintiff was operating at the time of the accident required a minimum of 119 inches clearance with the boom all the way down. Plaintiff and his fellow employees, supervisors, and the management of his employer were aware of the low clearance between certain doors and forklifts. The problem with the low clearance did not arise until plaintiff's employer purchased Crown forklifts about seven months before the accident; the Crown forklifts were two to three feet taller than the forklifts plaintiff's employer had previously used. On the day of the accident, plaintiff successfully went through the door in question six times before striking it. There were no witnesses to the accident which occurred when the boom of plaintiff's forklift somehow hit the steel roll-up door.
The depositions do establish that there is no genuine issue of fact that the door had a chain lock, that the door had a counterbalancing mechanism which held the door up and operated independently of the chain lock, and that there was no warning that the door might creep down. Knight as a seller had the burden of proving that there was no issue of fact as to his actual knowledge of a defect or as to his constructive knowledge of a defect (that he should have known of a defect). Nelton, 542 So.2d at 131-132; Harris v. Atlanta Stove Works, Inc., 428 So.2d 1040, 1043 (La.App. 1st Cir.), writ denied, 434 So.2d 1106 (La.1983). Without the affidavit of the seller, Manual Knight, Knight is unable to carry his burden of proving that there is no issue of fact as to whether he actually knew that the door would creep down.[3] Additionally, regarding Knight's constructive knowledge of any defect, Knight has not shown that if there was any defect of the counterbalancing mechanism it was non-apparent such that Knight should not have been aware of it.
While plaintiff at trial would have the burden of proving that Knight as the seller knew or should have known that the door was defective, on the motion for summary judgment Knight has the burden of proving that he neither knew nor should have known that the door was defective. See Slaughter v. Coleman, 490 So.2d 570, 572 (La.App. 4th Cir.), writ denied, 496 So.2d 327 (La.1986).[4] Because Knight did not meet his burden of proof on the motion for summary judgment, plaintiff did not have to rebut Knight's contentions and the fact that plaintiff's affidavits are not of record is of no moment.
For the reasons assigned, the judgment of the trial court which granted summary judgment in favor of Knight is set aside.
*894 The matter is remanded to the trial court for further proceedings consistent with the views expressed herein.[5] Costs of this appeal are to be paid by Knight.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff also named as defendants: Crown, manufacturer of the forklift; Boyce Machinery Corporation, seller and distributor of the forklift; Southwestern Rolling Steel Door, manufacturer of the steel roll-up door; and TaylorSamaha Construction Enterprises, Inc., installer of the door. Plaintiff also named the insurers of these parties as defendants. A motion for summary judgment as to defendant Boyce Machinery Corporation was granted by the trial court, dismissing Boyce from the suit. We affirmed the trial court's judgment dismissing Boyce in Hopper v. Crown, 555 So.2d 46 (La. App. 1st Cir.1989).
[2] The memorandum in support of the motion for summary judgment was also not properly filed in the record.
[3] We note that Knight appears to contend in brief that it satisfies the burden of proving that it did not actually know of any defect by showing that the defect was non-apparent. While showing that a defect is non-apparent may prove that a seller should not have known of it, it does not prove that the seller did not know of the defect. Rather, a seller must prove two separate but related matters: that he had no actual knowledge of a defect, and that he had no constructive knowledge of a defect. Harris v. Atlanta Stove Works, Inc., 428 So.2d 1040 (La.App. 1st Cir.1983).
[4] In another First Circuit case involving the liability of a seller in a products liability action where the seller moved for summary judgment, the seller submitted an affidavit of its representative stating that to his knowledge the product sold was not defective and that the product sold was in a container such that any defect would not have been seen by the seller. Nelton v. Astro-Lounger Manufacturing Co., Inc., 542 So.2d 128 (La.App. 1st Cir.1989).
[5] Plaintiff's second and third assignments of error have no merit. In Assignment of Error No. 2, plaintiff contended the trial court erred in not holding a mere seller to the same standard of care as a manufacturer. We have set forth the standard of care which applies to the seller earlier in this opinion. Unlike a manufacturer, a seller is not presumed to have knowledge of any defects. Hopper v. Crown, 555 So.2d at 48. In brief, plaintiff contends that Knight is a professional vendor who is presumed to know of the defects in the products he sells. Chappuis v. Sears, Roebuck and Co., 358 So.2d 926 (La. 1978). However, plaintiff made no allegations in his petition that Knight was a professional vendor, nor is there anything of record to raise an issue of fact as to the classification of Knight as a mere seller.

As to Assignment of Error No. 3, we agree with the trial court's finding that Section 402(A) of the Restatement (Second) of Torts does not apply to mere sellers. The Louisiana cases cited by plaintiff in brief do not apply 402(A) to a mere seller.