273 So.2d 637 (1973)
Frederick C. GOTTSABEND and John Lambert
v.
AETNA CASUALTY AND SURETY COMPANY et al.
No. 5636.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1973.
Rehearing Denied March 13, 1973.
Frank S. Bruno, New Orleans, for respondents.
Adams & Reese, Edward J. Rice, Jr., New Orleans, for relators.
Before LEMMON, STOULIG and SCHOTT, JJ.
STOULIG, Judge.
On the application of Aetna Casualty and Surety Company and A. A. Rabalais, *638 Inc., defendants-relators, we granted a writ of certiorari to ascertain the validity of the judgment of October 27, 1972, dismissing relators' motion to quash and granting to plaintiffs-respondents, Frederick C. Gottsabend and John Lambert, a new trial.
Both of the issues raised by the writ the motion to quash and the granting of a new trialcan be resolved by the determination of the simple fact of whether the application for a new trial was timely filed by the respondents within the three-day delay prescribed by LSA-C.C.P. art. 1974. If so, then the trial court's judgment of October 29, 1972, must be affirmed; otherwise it must be reversed.
A chronological review of the pertinent segments of the proceedings essential to the adjudication of this matter reflects that on March 10, 1972, judgment was rendered maintaining defendants' exceptions of vagueness and granting plaintiffs leave "to amend in 20 days."
Upon plaintiffs' failure to effect an amendment of its pleadings within four months, defendants filed a rule to dismiss plaintiffs' suit with prejudice. On July 20, 1972, a judgment was rendered ordering the plaintiffs to file an amended petition "complying with the orders of this Court, on or before July 27, 1972, in default of which this suit is dismissed."
Again plaintiffs failed to amend and the trial court, on July 28, 1972, upon the request of the defendants, signed a judgment dismissing plaintiffs' suit at their cost. Thereafter, on August 9, 1972, plaintiffs applied for a new trial averring that the judgment was in error.
Defendants then lodged the motion to quash, attacking both the timeliness and the basis of the application for a new trial. The plaintiffs' application and the defendants' motion were set for hearing on the same day, resulting in the judgment of October 27, 1972, the validity of which forms the subject matter of the writ application. It should be noted that, in connection with the judgment granting a new trial, the district judge rendered written reasons for his judgment stating equity and justice required that the judgment of July 28, 1972, be recalled and set aside. No additional factual or legal bases were advanced by the trial court for its action.
The delay within which to apply for a new trial is explicitly set forth in LSA-C. C.P. art. 1974 as being three days exclusive of legal holidays. The article further provides that this delay shall commence on the day after the judgment is signed unless notice of judgment is required to be given under LSA-C.C.P. art. 1913. In the latter event, the delay is computed from the day following the mailing by the clerk or service by the sheriff of the notice of judgment.
LSA-C.C.P. art. 1913 prescribes that notice of judgment is required under the following circumstances: (1) when a default judgment is taken against a defendant not personally cited who has filed neither an exception nor an answer, notice shall be served by the sheriff; (2) when a case has been taken under advisement, notice of the signing of the judgment shall be mailed by the clerk; and (3) if judgment is not signed at the conclusion of the trial, though the case is not taken under advisement, counsel may make a request of record that he be given notice of judgment, which the clerk shall mail.
Before applying these codal articles to the instant matter, we must first construe the July 20, 1972 judgment both as to its import and effect. The court decreed that the named plaintiffs file an amended petition on or before July 27, 1972, "in default of which, this suit is dismissed." By its terms, if the petition was not amended at the close of July 27, then the judgment of dismissal became executory. No additional action was required of the court. The judgment of July 28 was superfluous and merely confirmed what had already been accomplished by the judgment of July *639 20. Thus the judgment of dismissal became effective as of July 28, 1972.
It therefore follows that unless the plaintiffs were entitled to notice of judgment, after making due allowance for July 29th and 30th being legal holidays, the delay for applying for a new trial expired on August 2, 1972. Their application was filed on August 9, 1972.
Was notice of judgment required to be served on plaintiffs? A reading of LSA-C.C.P. art. 1913 clearly renders this article inapplicable. The judgment was rendered after a contested hearing at which plaintiffs' counsel was present. He did not request notice under paragraph 3 of Article 1913. He was fully apprised of the contents of the judgment and the fact that in the event of his own inaction, the dismissal decree would become executory on July 28. Possessing this knowledge, plaintiffs' counsel knew he had three legal days following that date in which to apply for a new trial.
Admittedly the trial court is vested with considerable discretion in the granting or denying of a new trial. However, the trial judge possesses no discretion or power to extend the delay within which to apply for a new trial. Plaintiffs, having failed to file their application for a new trial within the three-day period as prescribed by Article 1974, are unable to obtain this relief, and the trial court is powerless to accommodate them.
The constructions and interpretations of LSA-C.C.P. arts. 1913 and 1974 herein adopted are in accord with the previous expressions of this court in the cases of Levy v. Stelly, La.App., 230 So.2d 774 (1970); Langston v. Willis, La.App., 177 So.2d 620 (1965); and Robinson v. T. Smith & Son, Inc., La.App., 148 So.2d 477 (1963).
For the foregoing reasons the writ of certiorari granted is made absolute, and the judgment of the district court of October 27, 1972, dismissing the defendants' motion to quash the application for a new trial and granting a new trial to the plaintiffs is annulled, vacated, and set aside. This case is remanded to the district court for additional proceedings not inconsistent with the views herein expressed. Assessment of costs is to await the final determination of this matter.
Annulled and remanded.
LEMMON, J., dissents with written reasons to follow.
LEMMON, Judge (dissenting).
I understand the rationale of the majority opinion to be that the judgment of July 20, 1972 dismissed the suit; that no further action by the court was thereafter required; and that inasmuch as the judgment of July 28, 1972 was mere surplusage, no notice was required and neither rehearing nor appeal could be had from that judgment. I disagree.
Having previously heard arguments on the exception of vagueness and ruled thereon, giving the plaintiff 20 days within which to amend, the trial judge could have unconditionally dismissed the suit at the July 20 hearing. However, he only dismissed the suit conditionally. I interpret this conditional dismissal to mean that, if "an amended petition, complying with the orders of this Court" was filed before July 27, the condition of the July 20 judgment would be fulfilled and the suit would not be subject to dismissal. On the other hand, if no amended petition was filed before the deadline or if one was filed which did not comply with the court order, the condition would not be fulfilled and the suit would be subject to dismissal. In either event, plaintiffs were entitled to notice and a hearing on the issue of whether or not there was fulfillment of the condition contained in the July 20 judgment, and further action was required by the court to unconditionally dismiss the judgment.
My reasoning would have been vividly illustrated by the following hypothesis: Assume *640 that plaintiffs before July 27 had filed a proper amended petition, which was clerically misplaced in the wrong record. Further assume that judgment was rendered on July 28 unconditionally dismissing plaintiffs' suit and that plaintiffs were not notified of that judgment until after all delays for appeal had elapsed. Under the majority rationale, plaintiffs would not be entitled to a rehearing or appeal from either the judgment of July 20 or July 28. Yet they would have complied with the July 20 order. A procedure which offers them no notice or opportunity to prove compliance hardly meets the requirements of due process.
In my opinion notice of the July 28 judgment was required. Since notice of that judgment was served on August 8, plaintiffs' application for a new trial on August 9 from that judgment was timely.
Since I believe the other grounds of the writ application are without merit, I therefore dissent from reversal of the trial court's judgment granting a new trial.