SAMUEL, Judge.
This matter is before us for the second time. It was here originally on certiorari[1] to determine the validity of an October 27, 1972 judgment which dismissed a motion to quash filed by two of the defendants, Air Products & Chemicals, Inc., and Hartford Accident & Indemnity Company, and granted a plaintiff application for a new trial from a July 28, 1972 judgment. The July 28, 1972 judgment dismissed plaintiffs’ suit for failure to amend their petition following servings on an exception of vagueness filed by two of the defendants, A. A. Rabalais, Inc., and Aetna Casualty and Surety Company. (The other two defendants, Air Products and Hartford did not file exceptions; they had filed only an answer to the suit.) This court held the application for new trial had not been timely filed, annulled and set aside the October 27, 1972 judgment and remanded the matter to the trial court “for additional proceedings not inconsistent with the views expressed herein.”
Following remand, the trial court set a trial date and sent out notices of trial and for a pretrial conference to the four defendants, all of whom then filed a motion to dismiss the suit. The motion to dismiss was based on the fact that this court had an *617 nulled the October 27,1972 judgment which granted plaintiffs a new trial. The trial judge refused to dismiss the suit as to all defendants, rendered judgment dismissing the rule for a new trial, and reinstated the July 28, 1972 judgment which dismissed plaintiffs’ suit. However, the court took the position that the July 28, 1972 judgment of dismissal referred only to those defendants who had filed the exception of vagueness, Rabalais and Aetna, and that the suit was still viable against the other defendants, Air Products and Hartford, thus requiring the latter two defendants to go to trial. Air Products and Hartford have appealed.
The following is a chronological review of the pertinent segments of the proceedings material to the adjudication of the matter:
1/27/70 - Petition for damages filed.
9/24/71 - Exception of vagueness filed by Rabalais and Aetna.
10/ 1/71 - Answer filed by Air Products and Hartford.
2/18/72 - Judgment overruling exception of vagueness.
2/23/72 - Ex Proprio Motu order for a new trial on exception of vagueness.
3/10/72 - Exception of vagueness maintained with leave to amend within 20 days.
7/12/72 - Motion by Aetna and Rabalais to dismiss for failure to comply with court order to amend within 20 days.
7/20/72 - Judgment (on hearing for failure to amend within 20 days) ordering plaintiffs to file an amended petition in 7 days in default of which the suit is dismissed.
7/28/72 - Judgment dismissing plaintiffs’ suit for failure to comply with court order contained in judgment of July 20 to amend within 7 days.
8/ 9/72 - Plaintiffs file motion for a new trial.
8/17/72 - Motion to quash motion for a new trial filed by Aetna and Rabalais.
10/27/72 - Judgment on above two motions dismissing the motion to quash, ordering a new trial, and recalling the judgment of 7/28/72 dismissing plaintiffs’ suit. Reason for judgment given as “Equity”.
12/12/72 - Writ of Certiorari.
3/13/73 - This court’s judgment on writ holding application for new trial was untimely, annulling and setting aside the 10/27/72 judgment, and remanding the case to the trial court for “additional proceedings not inconsistent with the views expressed herein.”
5/27/75 - Notices of pretrial conference and trial set for 9/17/75 sent to all defendants.
7/22/75 - Notice of trial set for 10/20/75 sent to all defendants.
9/18/75 - All defendants file motion to dismiss. Trial judge refused to dismiss as to all defendants.
9/18/75 - Trial judge signs judgment (on rule for a new trial filed 8/9/72) dismissing rule and reinstates judgment of 2/28/72 (which dismissed plaintiffs’ suit at its cost following two contradictory hearings between plaintiffs and Raba-lais and Aetna on the exception of vagueness).
9/18/75 - Reasons for Judgment — The court was of the opinion that the appellate court judgment applied only to Rabalais and Aetna.
10/ 9/75 - Petition for appeal filed by Air Products and Hartford.
Also pertinent to such adjudication is the July 28, 1972 judgment of dismissal, which reads:
“JUDGMENT
“It having been brought to the Court’s attention that the plaintiffs after due notice and two contradictory hearings, have failed to comply with this Court’s orders as contained in Judgment of July 20, 1972;
“IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs’ suit be dismissed at plaintiffs’ costs.
“New Orleans, Louisiana, this 28th day of July, 1972.”
*618 Appellants contend: (1) the July 28, 1972 judgment dismissed the suit as to all defendants, including themselves; and (2) as no appeal has been taken from that judgment, it is now final and definitive and cannot be altered as to substance, citing LSA-C.C.P. art. 1951. As we do not agree with the first contention, a discussion of the second is unnecessary.
The trial judge’s conclusion that our prior judgment in this matter referred only to Rabalais and Aetna was correct. If we have concluded the suit had been dismissed as to all four defendants, our remand would have been pointless. In our opinion, the July 28, 1972 judgment dismisses plaintiffs’ suit only as to the two defendants-excep-tors, Rabalais and Aetna. It could have no other effect. The two contradictory hearings on the exception of vagueness filed only by Rabalais and Aetna, which hearings resulted in the July 28, 1972 judgment of dismissal, involved only those two defendants and the plaintiffs and did not involve appellants in any way. Insofar as those hearings and the resulting judgment of dismissal were concerned, there was no issue between plaintiffs and appellants.
Accordingly, we hold the July 28, 1972 judgment dismissed plaintiffs’ suit only as to the two defendants-exceptors, Rabalais and Aetna, and did not dismiss the suit as to appellants, Air Products and Hartford.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Gottsabend v. Aetna Casualty and Surety Company, La.App., 273 So.2d 637.