1,WICKER, Judge.
This appeal arises from a forfeiture in rem proceeding filed on behalf of the State of Louisiana following the seizure of one 1991 Pontiac Trans Sport Van, Vin Number 1GMCU066D3MT208532. It is undisputed the forfeiture claim was timely filed. The property was seized by the Kenner Police Department pursuant to La.R.S.40:2602 based on the allegation it was used to facilitate the possession and distribution of cocaine in violation of La.R.S.40:967 (A) & (C) and/or purchased with illegal proceeds from drug activity. Yasmin Izquierdo (Izquierdo), the owner, was served with notice of the pending forfeiture. She alleged the vehicle was exempt from seizure. The trial judge granted the judgment of forfeiture. The judgment was subsequently amended in part by consent of the parties. Izquierdo now appeals. We vacate the judgments and remand.
Izquierdo specifies several errors,[1] one of which states the trial judge erred by applying the incorrect burden of proof. Since we find merit to the specification of error regarding burden of proof, we pretermit a discussion of the remaining specifications of error. We also note the record before this court is incomplete and/or inaccurate[2] and further that it contains an invalid judgment dated September 22,1997.
RThe original judgment was rendered on September 3, 1997. It stated that judgment of forfeiture was rendered in favor of the state against Izquierdo forfeiting the vehicle. However, the judgment also ordered all agencies having the duty to maintain record of title to cancel the title in the name of “David Matherne.” On September 16, 1997 the court rendered an amendment to the *448 original judgment by consent of the parties.[3] It was ordered that the name, “David Math-erne” be deleted and the name “Yasmin Izquierdo” be substituted. The September 16, 1997 judgment did not supercede the original judgment. Appellant timely appealed the original judgment. Since the judgment of September 16, 1997 did not super-cede the original judgment, her appeal taken from the original judgment was proper.
We note, however, there is a third judgment in the record which was signed September 22, 1997. That judgment is identical to the original judgment but incorporates the amendment. It is styled, “Amended Judgment.” The judgment dated the 22nd is superfluous and unnecessary since the amendment had occurred by virtue of the September 16,1997 judgment. No additional judgment was needed. See Gottsabend v. Aetna Cas. & Sur. Co., 273 So.2d 637 (La.App. 4th Cir.1973). We clarify the record by noting that this judgment is invalid.
Regarding the burden of proof for forfeiture, we note Acts 1997, No. 1334 § 1 (effective August 15, 1997) changed the law regarding the burden of proof in forfeiture proceedings. Former La. R.S. 40:2612(G) provided:
G. The issue [relative to an in rem forfeiture judicial proceeding] shall be determined by the court alone, and the hearing on the claim shall be held within sixty days after service of the petition unless continued for good cause. The district attorney shall have the initial burden of showing the existence of probable cause for forfeiture of the property. If the state shows probable cause, the claimant has the burden of showing by a preponderance of the evidence that the claimant’s interest in the property is not subject to forfeiture [emphasis added.]
La. R.S. 40:2612 now provides:
G. The issue shall be determined by the court alone, and the | shearing on the claim shall be held within sixty days after service of the petition unless continued for good cause. In a forfeiture case wherein no claim is timely filed pursuant to the provisions of this Chapter, the burden of proof to forfeit shall be probable cause. In a forfeiture case, wherein a claim is timely filed pursuant to the provisions of this Chapter, the burden of proof required to forfeit the defendant’s property shall be a preponderance of the evidence [emphasis added.]
The petition was filed July 3, 1997 alleging facts for forfeiture which occurred January 9, 1996. Trial took place September 2, 1997. The law regarding the burden of proof changed during this period. This court must first determine whether the amendment is retroactive to facts which arose prior to the enactment. ■ We hold the change in the law was a procedural change which is retroactive based- on the reasoning in Sudwischer v. Estate of Hoffpauir, 705 So.2d 724 (La.1997). The legislature did not express any intent as to whether Acts 1997, No. 1334 § 1 was to be applied retroactively. In Sudwischer, supra at 729 the Supreme Court stated, “This Court has held that a statute changing a burden of proof is procedural and is to be applied retroactively.”
In the instant ease the trial judge consistently referred to the burden of proof as being “probable cause.” Evidentiary rulings, to which defense counsel objected, were based on the probable cause burden of proof. The state concedes that in the instant case the burden of proof required for forfeiture is proof by a preponderance of the evidence. *449 La. R.S.40:2612(G). However, it argues that the burden of proof required for seizure under La.R.S.40:2606[4] is probable cause and that the trial judge’s references to probable cause were to the seizure aspect. However, we find no such distinction in the record. This matter proceeded as an action ior forfeiture and not as an action for seizure pending forfeiture.[5] We further note that during oral argument the state referred to La. R.S.40:2611(F) as authority for allowing hearsay in civil forfeiture cases. However, this section applies in determinations of probable cause. The section provides:
|4In hearings and determinations pursuant to this Section [seizure and forfeiture], the Court may receive and consider, in making any determination of probable cause or reasonable cause, all evidence admissible in determining probable cause at a preliminary hearing or by a judge pursuant to C.Cr.P. Art. 162 together with inferences therefrom.
In State v. Seventy-Seven Thousand Fourteen & No/100 ($77,014.00) Dollars, 607 So.2d 576, 581-582 (La.App. 3rd Cir.1992), writ denied, 612 So.2d 61 (La.1993) the third circuit explained the difference between the probable cause standard and the preponderance of the evidence standard. It further noted that hearsay evidence could be used to establish probable cause. At trial defense counsel objected to hearsay evidence. The trial judge reasoned that under the probable cause standard such evidence was admissible.
The Third Circuit explained:
In most civil cases, the burden of proof is preponderance of the evidence which is defined as follows:
Proof by preponderance of the evidence means that evidence, taken as a whole, shows that fact or cause shown to be proven is more probable than not. Crowell v. City of Alexandria Through Snyder, 558 So.2d 216 (La. 1990).
In civil cases, probable cause is a standard of proof employed in defense of malicious prosecution claims to determine if a party was justified in filing criminal charges or, civil lawsuits. In Young Oil Co. of Louisiana, Inc. v. Durbin, 412 So.2d 620 (La.App. 2 Cir.1982), the Second Circuit discussed the distinction between the standards of proof of preponderance of the evidence and probable cause.
Probable cause is not synonymous with “preponderance,” being somewhere between “preponderance” and “suspicion.” Id., at p. 626.
Therefore, it can be said that probable cause is a standard of proof which is less than preponderance, but more than suspicion.
The trial judge’s reliance on a probable cause standard is understandable since the former statute required the state to initially meet this standard of proof in forfeiture proceedings. La.R.S.40:2612 (G) (pre-1997). The burden then shifted to the claimant to prove by a preponderance of the evidence that the property was not subject to forfeiture. La.R,S.40:2612 (G) (pre-1997). The newly enacted statute clearly changes the burden of proof, requiring the state to prove entitlement to forfeiture by a preponderance of the evidence |5when the claim is timely filed. La. R.S.40:2612 (effective August 15, 1997). The issue of the retroactivity of the statute is before this court for the first time. Since neither the parties nor the learned trial judge were aware of the retroactivity of Acts 1997, No. 1334 § 1, in the interest of justice we will vacate the judgments and remand the case for a new trial and a new ruling based on the amended forfeiture statutes. Accord, Pilie’ & Pilie’ v. Metz, 547 So.2d 1305 (La.1989); Turner v. Maryland Cas. Co., 518 So.2d 1011 (La.1988).
Accordingly, for the reasons stated, the judgments of September 3, 1997, September 16, 1997 and September 22, 1997 are vacated *450 and set aside. This case is remanded to the trial court for further proceedings consistent with this opinion.
JUDGMENTS OF SEPTEMBER 3, 1997, SEPTEMBER 16, 1997 AND SEPTEMBER 22, 1997 VACATED AND SET ASIDE; CASE REMANDED WITH INSTRUCTIONS.

.Appellant specifies the following errors:
1. The trial court applied an incorrect burden of proof.
2. The trial court committed reversible error when it allowed hearsay testimony to determine whether the defendant’s motor vehicle should be forfeited.
3. The trial court committed reversible error when it refused to permit defense counsel to inquire into the identity of the state’s confidential informant.
4.Ms. Izquierdo's vehicle is exempt from forfeiture under La.R.S.40:2605.

. We note that the transcript indicates the state introduced into evidence exhibit number 3, a consent to search form executed by Francisco Hevia (incorrectly spelled as "Javier”). However, this exhibit is missing. Instead, the exhibit in the record which is identified as number 3 is entitled, "Copy of Waiver of Plea of Guilty Case #96-1212."

. This case was not taken under advisement. The motion for amendment was timely filed within the delay for an application for new trial. La.Code Civ. P. art.1974. Although the parties characterized the error as non-substantive, this court is not bound by that characterization. Villaume v. Villaume, 363 So.2d 448 (La.1978). We have held that the change in the name of a party cast in judgment constitutes a substantive change. Smith v. Trattler, 96-225 (La.App. 5 th Cir. 9/18/96), 681 So.2d 961. Although the named party in the instant case was not cast in judgment, the change at issue constituted a substantive change since the amendment directly affected the rights of the parties. See Villaume. In Villaume the court recognized that the parties could consent to a substantive change in a judgment without the necessity of applying for a new trial or taking an appeal from the erroneous judgment.

. Under both the former law and the newly enacted Acts 1997, No. 1334 § 1 seizure requires a showing of probable cause.

. Effective August 15, 1997, La.R.S.40:2606(A) provides in pertinent part:
The court may order that the property be held pending forfeiture, on such terms and conditions as are reasonable in the discretion of the court. Upon a finding .of no probable cause, the property shall be released to the established owner.