FREDERICK W. STRICKLAND AND CHERYL D. STRICKLAND
v.
AMERIQUEST MORTGAGE COMPANY.
No. 2009 CA 0463.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
HANSAL M. HARLAN, Counsel for Defendant/Appellant, Ameriquest Mortgage Company.
JEFFERY T. OGLESBEE, SHERMAN Q. MACK, Counsel for Plaintiff/Appellee, Frederick Strickland and Cheryl Strickland.
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WHIPPLE, J.
This matter is before us on appeal by defendant, Ameriquest Mortgage Company (hereinafter "Ameriquest"), from a summary judgment of the trial court in a declaratory judgment suit filed by plaintiffs, Frederick and Cheryl Strickland, wherein the court declared a mortgage on plaintiffs' property invalid and dismissed Ameriquest's reconventional demand. For the following reasons the judgment of the trial court is affirmed in part, reversed in part and remanded.

FACTS AND PROCEDURAL HISTORY
The pertinent procedural history and facts can be summarized as follows. This case involves an allegedly invalid mortgage on property owned by plaintiffs, Frederick and Cheryl Strickland, which they sought to have cancelled through this suit. In March 2005, the Stricklands' son, Stephen Strickland, donated to them an undeveloped tract of land in Livingston Parish ("the Bull Run property"). Thereafter, in June 2005, the Stricklands donated to Stephen a developed lot in Livingston Parish ("Lot 15-A"). The following month, in July 2005, Stephen and his wife Mary Ellen borrowed $60,000.00 from Ameriquest, to be secured by a mortgage on Lot 15-A. However, Ameriquest inadvertently prepared a mortgage on the Bull Run property (then owned by the Stricklands), rather than Lot 15-A (then owned by Stephen).
After Ameriquest refused to release the mortgage, the Stricklands filed the instant suit, wherein they sought a judgment declaring the mortgage on their property absolutely null given that they were not parties to the loan transaction with Ameriquest (and did not consent to the mortgage). Thus, the Stricklands sought to have the mortgage erased from the mortgage records.
Ameriquest answered and filed a reconventional demand against the Stricklands, and a third-party demand against Stephen and his wife Mary Ellen. Ameriquest acknowledged that while the body of the mortgage expressly (and correctly) described Lot 15-A, the attached plat described the Bull Run property. However, Ameriquest averred that Stephen and Mary Ellen, upon realizing that the loan to Ameriquest was potentially unsecured, had subsequently confected a sham loan, mortgage and dation en paiement of Lot 15-A to the Stricklands, in an attempt to prevent Ameriquest from seizing Lot 15-A to satisfy the unpaid loan Stephen and Mary Ellen made with Ameriquest.
Specifically, Ameriquest averred that less than six months after Stephen and Mary Ellen borrowed the $60,000.00 sum from Ameriquest, which loan they had agreed to secure by a mortgage on Lot 15-A, they also purportedly borrowed $50,000.00 from the Stricklands and granted the Stricklands a mortgage on Lot 15-A. However, according to the reconventional demand, Stephen and Mary Ellen never paid the Stricklands anything on that loan. According to Ameriquest, approximately two months later, on March 6, 2006, Stephen and Mary Ellen made the last loan payment to Ameriquest and did not make any further payments on the commercial loan thereafter. Stephen and Mary Ellen then dationed Lot 15-A to the Stricklands in satisfaction of the purported $50,000.00 loan. On the same day that the dation en paiement was recorded (and now that Lot 15-A was no longer in Stephen's name), counsel for the Stricklands, who was allegedly to have supplied these loan funds, wrote to Ameriquest and demanded that the mortgage on the Bull Run property be released, arguing that Stephen and Mary Ellen had no authority to grant a mortgage on property Stephen no longer owned.
Ameriquest averred that the mortgage on Lot 15-A granted to the Stricklands and the dation en paiement transferring Lot 15-A to the Stricklands were absolute or relative simulations and, thus, that Lot 15-A was still owned by Stephen. Accordingly, Ameriquest sought judgment annulling the mortgage and the dation en paiement of Lot 15A to the Stricklands as sham transactions entered into in derogation of Ameriquest's rights and interests.
On October 24, 2007, the Stricklands filed a motion for summary judgment, seeking cancellation of the Ameriquest mortgage on their properties, and a hearing on the motion was scheduled for February 6, 2008. Counsel for Ameriquest filed Ameriquest's opposition and supporting documentation one day later than the cutoff, and, therefore, the trial court disallowed the opposition and related evidence as untimely. The trial court then rendered judgment in favor of the Stricklands, releasing all encumbrances by Ameriquest against both Lot 15-A and the Bull Run property and dismissing, with prejudice, Ameriquest's reconventional demand against the Stricklands. The judgment also awarded the Stricklands $500.00 for attorney's fees. Notably, the judgment did not address or dismiss Ameriquest's third-party demand against Stephen and Mary Ellen Strickland.
On March 28, 2008, Ameriquest filed a motion for new trial pursuant to LSA-C.C.P. arts. 1972(1), 1972(2) and/or 1973 contending that the judgment was contrary to the law and evidence in that plaintiffs failed to carry their initial burden of proof and that Ameriquest had proof of newly discovered evidence. The motion was heard and denied by the trial court on July 7, 2008.[1]
From this judgment, Ameriquest appeals, contending the trial court erred in: (1) disallowing Ameriquest's opposition to the motion for summary judgment; (2) granting summary judgment dismissing Ameriquest's reconventional demand when the motion for summary judgment did not even address those claims; (3) granting summary judgment without the introduction of any evidence by the Stricklands; (4) denying Ameriquest's motion for new trial pursuant to LSA-C.C.P. art. 1972(1); (5) denying Ameriquest's motion for new trial pursuant to LSA-C.C.P. art. 1972(2); and (6) denying Ameriquest's motion for new trial pursuant to LSA-C.C.P. art. 1973.

DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Webb v. The Parish of St. Tammany, XXXX-XXXX (La. App. 1st Cir. 2/9/07), 959 So. 2d 921, 923, writ denied, XXXX-XXXX (La. 4/27/07), 955 So. 2d 695. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, its burden on the motion does not require it to negate all essential elements of the adverse party's action, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).
When a motion for summary judgment is made and supported as provided by law, an adverse party may not rest on the mere allegations and denials of his pleadings. His response, by affidavits or otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be rendered against him. LSA-C.C.P. art. 967; Robles v. ExxonMobile, XXXX-XXXX (La. App. 1st Cir. 3/28/03), 844 So. 2d 339, 341.
However, the law is also clear that the burden to present evidence in a motion for summary judgment does not shift to the party opposing the motion unless and until the moving party first presents evidence that no genuine issue of material of fact exists. Sharp v. Harrell, 99-0737 (La. App. 1st Cir. 5/12/00), 762 So. 2d 1119, 1122, writ denied, 2000-2458 (La. 11/3/00), 773 So. 2d 150. Moreover, when determining whether a "genuine" issue exists, courts cannot consider the merits, weigh the evidence, evaluate testimony, or make credibility determinations. Williams v. Storms, 2001-2820 (La. App. 1st Cir. 11/8/02), 835 So. 2d 755, 759. Moreover, because it is the applicable law that determines materiality, whether a particular fact in dispute is "material" for summary judgment purposes can be seen only in light of the substantive law applicable to the case. Dickerson v. Picadilly Restaurants, Inc., 99-2633 (La. App. 1st Cir. 12/22/00), 785 So. 2d 842, 844.

Ameriquest's Assignment of Error
Ameriquest first contends that the trial court erred in refusing to consider its memorandum and exhibits in opposition to plaintiffs' motion for summary judgment because the filing was one day late.[2]
Plaintiffs' motion for summary judgment was filed on October 24, 2007, and the matter was set for hearing on February 6, 2008. The parties do not dispute that Ameriquest's memorandum in opposition to the motion for summary judgment was due January 29, 2008. Counsel for Ameriquest explained at the hearing (and on appeal) that on the morning of January 29, 2008, he learned of the tragic death of his close friend, professional colleague, and co-counsel. Although counsel was able to complete his opposition memorandum, he was unable to timely file it with the district court that day, as the Clerk's office had closed its doors shortly before he arrived to file the memorandum.
For the reasons that follow,[3] we find that summary judgment, at least in part, was improvidently granted on plaintiffs' motion, and we find a remand is required in this matter. Accordingly, we pretermit discussion as to whether the trial court's refusal was an abuse of discretion under the attendant circumstances.[4]
Further, to the extent that Ameriquest argues that the summary judgment should be reversed on the basis that plaintiffs failed to formally introduce any evidence at the hearing on the motion, as set forth in assignment of error number three, we likewise decline to do so on this basis. Ameriquest contends that since the exhibits attached to plaintiffs' motion for summary judgment that were filed into the record were not offered and introduced into evidence at the hearing on the motion for summary judgment, they may not be considered.[5] Louisiana Code of Procedure article 966 does not contemplate the necessity of introducing items already filed in the record into evidence at the hearing on the motion for summary judgment. Johnson v. Slidell Memorial Hospital, 552 So. 2d 1022, 1023 (La. App. 1st Cir. 1989), writ denied, 558 So. 2d 571 (La. 1990). For a document to be considered on a motion for summary judgment, it must be filed into evidence at the hearing on the motion or filed into the record. Hopper v. Crown, 560 So. 2d 890, 892 (La. App. 1st Cir. 1990); cf. Boland v. West Feliciana Parish Police Jury, XXXX-XXXX (La. App. 1st Cir. 6/25/04), 878 So. 2d 808, 814, writ denied, 2004-2286 (La. 11/24/04), 888 So. 2d 231. Consequently, because the exhibits relied on by plaintiffs were properly filed of record, the trial court did not err in considering them when rendering its ruling.
Further, to the extent that Ameriquest challenges the summary judgment on the merits, we agree with the trial court that plaintiffs undisputedly were entitled to summary judgment annulling the mortgage affecting Lot 15-A as the parties conceded at oral argument. However, we do not find that on the record before us, the evidence, exhibits and documents submitted in support of plaintiffs' motion for summary judgment established their right to judgment in their favor, as a matter of law, dismissing, with prejudice, the claims and demands raised by Ameriquest in its reconventional demand. At a minimum, we find unresolved material issues of fact remain as they may affect the Bull Run property.
In its reconventional demand, Ameriquest contended that the mortgage and subsequent dation en paiement granted to plaintiffs over Property B (Lot 15-A) is an absolute or relative simulation, as it does not express the true intent of the parties. Ameriquest also contended that to the extent that plaintiffs provided any monies to Stephen and Mary Ellen Strickland under their purported loan, that amount was less than one-half of the fair market value of Property B (Lot 15-A) at the time of the dation en paiement, rendering the transfer of Property B (Lot 15-A) to plaintiffs subject to rescission for lesion beyond moiety.
In sum, on de novo review, we find that plaintiffs' filings do not address these claims, i.e., whether the purported transfers were lesionary or otherwise absolute nullities; nor do these filings establish their entitlement to judgment as a matter of law. Thus, on summary judgment, the burden never shifted to Ameriquest and the grant of summary judgment as to these claims was in error. See Sharp v. Harrell, 762 So. 2d at 1122. Accordingly, the portion of the trial court's judgment granting summary judgment as to Ameriquest's reconventional claims against plaintiffs is reversed.[6]

CONCLUSION
For the above and foregoing reasons, the March 10, 2008 judgment of the trial court is affirmed in part, and reversed in part, and the matter is remanded for further proceedings.[7] Costs of this appeal are assessed against the defendant/appellant, Ameriquest Mortgage Company.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[1] The record contains two judgments denying Ameriquest's motion for new trial. The first judgment was signed by the trial court on July 23, 2008, and filed July 17, 2008, and the second judgment was signed by the trial court and filed on July 28, 2008. To the extent that the trial court rendered two judgments that were identical in the relief granted, the second judgment rendered July 28, 2008, was superfluous and unnecessary and, consequently, is invalid. See State v. One (1) 1991 Pontiac Trans Sport Van. VIN #1 GMCU06D3MT208532. 98-64 (La. App. 5th Cir. 7/9/98), 716 So. 2d 446, 448. Thus, the motion for appeal correctly references the judgment signed July 23, 2008.
[2] The party opposing a motion for summary judgment may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least eight days prior to the date of the hearing unless the Rules for Louisiana District Courts provide to the contrary. LSA-C.C.P. art. 966(B) and Louisiana Rules for District Courts, Rule 9.9(b). In Buggage v. Volks Constructors, XXXX-XXXX (La. 5/5/06), 928 So. 2d 536, the Louisiana Supreme Court reversed this court and reinstated the ruling of a trial court that had excluded a late-filed opposition and affidavit that was filed a few minutes before a summary judgment hearing. However, while noting that the time limitation established by LSA-C.C.P. art. 966B was mandatory, it nevertheless indicated a trial court has discretion as to whether or not to admit a late-filed affidavit. Rather than holding that untimely affidavits must be excluded by the trial court, the Court specifically stated that such affidavits "can" be excluded by the trial court, and noted that the trial court "acted within its discretion" in excluding the opposition. Buggage, 928 So. 2d at 536. Additionally, other courts of this state have also indicated that district courts have discretion, absent prejudice, to consider affidavits served after the time prescribed by LSA C.C.P. art. 966B. See James Construction Group, L.L.C. v. State, Department of Transportation and Development, XXXX-XXXX (La. App. 1st Cir. 11/2/07), 977 So. 2d 989, 999.
[3] Further, although we find summary judgment was improper, at least in part, to the extent that Ameriquest, in assignment of error number two, challenges the summary judgment and dismissal of its reconventional demand, as being in excess of the relief sought in plaintiffs' motion, we find no merit. Plaintiffs' motion specifically requests "Summary Judgment in their favor, releasing all encumbrances by Ameriquest against Movers' properties and dismissing Movers from the Reconventional Demand of Ameriquest."
[4] However, we observe that on remand, all parties should be allowed to fully present all claims and defenses.
[5] In connection with their motion for summary judgment, plaintiffs filed a memorandum in support and attached several exhibits thereto including: (a) a copy of the act of donation of Property A (the Bull Run Property) from Stephen and Mary Ellen Strickland to plaintiffs and the recording page identifying the recording information from the Livingston Parish Clerk of Court's Office; (b) a copy of the act of cash sale dated October 6, 1992, and accompanying act of correction evidencing Stephen Strickland's purchase of Property A (the Bull Run Property); (c) a copy of an act of cash sale dated April 21, 2005, recording page, and plat evidencing plaintiffs' subsequent sale of ten acres of Property A (the Bull Run Property) to Irian and Irma Smith; (d) a copy of an act of donation dated June 21, 2005, recording page, and plat evidencing plaintiffs' donation of Property B (Lot 15-A) to Stephen Strickland; (e) a copy of Ameriquest's mortgage dated July 15, 2005 to Stephen and Mary Ellen Strickland and recording page; (f) a copy of a check from plaintiffs to Stephen Strickland in the amount of $50,000.00; (g) a copy of a mortgage from Stephen Strickland to plaintiffs dated January 18, 2006, of Property B (Lot 15-A) and recording page; (h) a copy of the dation en paiement of Property B (Lot 15-A) dated April 14, 2006 from Stephen Strickland to plaintiffs and recording page; and (i) a copy of a letter from Ameriquest to Stephen Strickland dated September 21, 2006, informing him that they received notification that the legal description recorded with their mortgage was incorrect and that they had enclosed a Modification Agreement for his signature that would resolve the legal description issue.
[6] Because we find the trial court improperly dismissed Ameriquest's reconventional demand, we pretermit assignments of error numbers four, five and six, concerning the trial court's denial of its motion for new trial pursuant to articles 1972(1), 1972(2), and 1973 of the Code of Civil Procedure as moot, wherein Ameriquest contended, inter alia, that a new trial should have been granted based upon its discovery that Exhibit G to the Motion for Summary Judgment, which purported to be a certified copy of the mortgage of Lot 15-A by Stephen Strickland in favor of plaintiffs filed in to the public records, is not a copy of the original mortgage records, and, in fact, is a false document according to Robert Foley, a licensed document examiner, who attested to the forgery.
[7] Although the portion of the judgment granting summary judgment in favor of plaintiffs as to Ameriquest's reconventional demand is reversed, the judgment is affirmed in all other respects, including the trial court's award of attorney's fees in the amount of $500.00, plus court costs, which was not challenged on appeal.