558 So.2d 1117 (1990)
Kevin HOPPER
v.
CROWN, et al.
No. 90-C-0142.
Supreme Court of Louisiana.
March 30, 1990.
Granted. Summary judgment reversed and vacated. Remanded for further proceedings.
LEMMON, J., concurs with reasons.
LEMMON, Justice, concurring.
When a product is unreasonably dangerous in normal use and the seller knew or should have known of the defect, the seller has a duty to warn of the defect.
Whether the lack of a door or a restraining device rendered the forklift unreasonably dangerous in normal use is a contested issue of fact and law to be decided at trial.[1] If it is assumed for purposes of the summary judgment in this case that the product was unreasonably dangerous, the seller might still prevail if the defect was obvious to the ordinary user. However, an ordinary user may not generally realize the dangerous nature of the product deficiency at issue in this case, and the seller may have the duty to warn, depending upon the seller's knowledge of the defect.[2] Because the seller's motion did not establish that it neither knew or should have known of the defect (proof of which will not take place until trial), summary judgment was inappropriate.
NOTES
[1] Ingram v. Caterpillar Machinery Corp., 535 So.2d 723 (La.1988) decided only that the lack of restraints was not unreasonably dangerous under the evidence produced in that particular case as to that particular forklift.
[2] Plaintiff's knowledge of the limited clearance of the passageway bears on the determination of contributory negligence and not on the determination of the seller's knowledge of the dangerous condition of the forklift.