615 So.2d 51 (1993)
Calvin VIATOR, et al., Plaintiffs-Appellants,
v.
P & A WELL SERVICE, INC., et al., Defendants-Appellees.
No. 92-145.
Court of Appeal of Louisiana, Third Circuit.
March 3, 1993.
Writ Denied May 7, 1993.
Anthony Drexel Moroux, Lafayette, for Calvin Viator, et al.
Gregg Lindsey Spyridon, New Orleans, for P & A Well Service Inc., et al.
Thomas Walker Lewis, Charles Archibald Boggs, New Orleans, for L.S. Brown Co.
John A. Keller, Lafayette, for Highland Ins.
Edward O. Taulbee IV, Lafayette, for Aetna.
S. Gerald Simon, New Iberia, for Estis.
Timothy Patrick Hurley, New Orleans, for Crosby Group.
Before STOKER, THIBODEAUX and COOKS, JJ.
STOKER, Judge.
The question in this products liability case is whether the trial court properly granted a motion for summary judgment in favor of a retailer, New Iberia Hardware Company, Inc. and its insurer, Aetna Casualty and Surety Company. The retailer sold a hook with a safety latch which broke resulting in injury to Calvin Viator, one of the plaintiffs. Plaintiffs appeal.
Plaintiffs base their case against New Iberia Hardware Company, Inc. and its insurer on the proposition that our law holds liable a retailer of defective products which cause personal injury if the retailer knew or should have known of the defect. The gravamen of the movers' motion for summary judgment is that New Iberia Hardware Company, Inc. knew of no defect, and if the hook and latch were defective, it had no way of knowing this fact. The plaintiffs filed the affidavit of their expert, Bruce Donnell, who stated that in his opinion the hook and latch were improperly designed. More specifically, Donnell stated the defect consisted of the thin components of the safety latch being made of carbon steel instead of stainless steel which made it vulnerable to corrosion and failure.
New Iberia Hardware Company, Inc. and Aetna filed affidavits of James B. Voohries, co-owner of the hardware company, denying knowledge of any defect in fact relative to the hook and latch. Further, Voohries outlined the procedures observed by the store in receiving and inspecting *52 products received from wholesalers and manufacturers for resale. Voohries contends the hook and latch were intact when received and sold. The plaintiffs apparently do not rely on actual knowledge by the defendant retailer of the defect it contends was inherent in the hook and latch. They filed a supplemental affidavit of Bruce Donnell in which he states that in his opinion "any experienced seller of hardware in South Louisiana should be aware of the defects in the hook...." What Donnell states is precisely what the trier of fact in this case must determine. What a hardware retailer such as New Iberia Hardware Company, Inc. should know about the product in question appears to us to be a subjective question.
Summary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. Penalber v. Blount, 550 So.2d 577 (La.1989). This is the general rule and summary judgment may be granted if there is no issue of material fact concerning the matter at issue. Neuberger, Coerver v. Times Picayune Pub., 597 So.2d 1179 (La.App. 1st Cir.1992). However, in this case we consider that determination of what an experienced retailer of hardware should know about hooks and latches of the type in question is of such a subjective nature that it is not appropriate for summary judgment. In reaching this conclusion, we are not influenced by the opinion of Bruce Donnell, a civil engineer, as to what experienced hardware retailers should know. While we are not able to determine Donnell's qualifications to express such an opinion, our basis for holding summary judgment inappropriate in this case is because the issue of knowledge is too subjective to be disposed of by summary judgment. See Hopper v. Crown, 558 So.2d 1117 (La.1990).
For the reasons given above, the judgment of the trial court granting summary judgment in favor of New Iberia Hardware Company, Inc. and Aetna Casualty and Surety Company is reversed, and this case is remanded to the trial court for further proceedings. The costs of this appeal are assessed to appellees.
REVERSED and REMANDED.