654 So.2d 385 (1995)
Milton WILSON, Plaintiff-Appellant
v.
STATE FARM FIRE AND CASUALTY INSURANCE CO., et al, Defendants-Appellees.
Lakena WILSON, et al, Plaintiff-Appellant
v.
STATE FARM FIRE AND CASUALTY INSURANCE CO., et al, Defendants-Appellees.
Nos. 94-1341, 94-1342.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1995.
Rehearing Denied June 7, 1995.
*386 Bridgett Brown and Marcus V. Brown, Alexandria, for Lakena Wilson et al and Milton Wilson.
Kevin C. O'Bryon, New Orleans, for Lomart Industries (Hoffinger Industries, Inc.)
Russell L. Potter, Alexandria, for Melissa Cain (Keeth) d/b/a Land of Pools & Spas.
Before YELVERTON, SAUNDERS and SULLIVAN, JJ.
SAUNDERS, Judge.
The trial court granted a summary judgment in favor of the non-manufacturer seller of a swimming pool which is alleged to be defective and unreasonably dangerous. We reverse, finding that genuine issues of material fact exist concerning the seller's knowledge of the alleged defect.

FACTS
Milton Wilson, his wife and children sued the above-ground pool owner and the owner's insurer, the seller, and the pool manufacturer for spinal cord injuries sustained by Wilson when he struck his head on the pool bottom after either diving or falling from the pool ladder. The seller, Melissa Cain, filed a motion for summary judgment alleging that, because the pool was delivered to the purchaser by independent contractors in a sealed container, she could not be charged with knowledge of any defects of the product. She also argued that the accident was caused by the negligence of Carl Burkes, the pool owner's son, when he failed to refasten the clamps used to secure the ladder after moving it. In support of this judgment, the court issued reasons, the most relevant portion of which is set forth below:
This Court holds that no tort liability arose on behalf of Mrs. Melissa Cain as a non-manufacturer seller of the above ground pool. Evidence indicates that Mrs. Cain sold the pool in a sealed package to the plaintiffs and at no time did she hold the pool out as her own. Affidavits and deposition testimony show that the package was picked up by the plaintiff and installation done by the plaintiff. Further, there is no direct evidence that Mrs. Cain was aware that the pool was in anyway defective.
Plaintiff appeals, alleging that the trial court erred in granting Cain's motion for summary judgment.

SUMMARY JUDGMENT
The analytical process properly used to consider whether to grant a summary judgment is outlined in Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). On a motion for summary judgment, the court first must determine whether the supporting documents presented by the moving party are filed in compliance with the Code of Civil Procedure and are sufficient to resolve all material fact issues in favor of the mover. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while *387 those of the opponent to the motion are to be indulgently treated. Indus. Sand and Abrasives v. L. & N.R. Co., 427 So.2d 1152, 1153 (La.1983); Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). If they are not sufficient from either an evidentiary or substantive legal standpoint, summary judgment must be denied. Only if they are sufficient does the burden shift to the opposing party, who may no longer rest on the allegations and denials contained in his pleadings, to present evidence showing that material facts are still at issue. In deciding whether all material issues have in fact been disposed of, any doubt is to be resolved against the granting of summary judgment and in favor of trial on the merits. LSA-CCP arts. 966-967. South Louisiana Bank v. Williams, 591 So.2d 375, 377 (La.App. 3d Cir.1991), writ denied, 596 So.2d 211 (La.1992); Evangeline Farmers Co-op v. Fontenot, 565 So.2d 1040, 1044-1045 (La.App. 3d Cir. 1990).
Hopkins v. Sovereign Fire and Cas. Ins., 626 So.2d 880, 884 (La.App. 3d Cir.), writs denied, 634 So.2d 390, 402 (La.1993).
As an appellate court, we review summary judgments de novo and apply the same standard that governs the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scottlandville, 615 So.2d 318 (La.1993); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
The non-manufacturing seller of a defective product is not responsible for damages in tort absent a showing that he knew or should have known the product was defective and failed to declare it. Jones v. Employer's Mutual Liability Insurance Company, 430 So.2d 357, 359 (La.App. 3d Cir.1983). Therefore, in order for Cain to prevail on her motion for summary judgment, she must show that she neither knew nor should have known that the product she sold was defective.[1]
In support of her motion for summary judgment, Cain claims that the pool and its component parts left her place of business in sealed packages, and therefore, she could not have known of the alleged defective condition of the ladder. Defendant further argues that the accident was caused by the failure of Carl Burkes to re-fasten the clamps which hold the ladder in place, not by a defect in the ladder.
In opposition to Cain's motion for summary judgment, plaintiffs present testimony from several sources which indicates that the ladder arrived at the home of the purchaser of the pool already unpackaged and assembled. Furthermore, our review of the record reveals that Carl Burkes stated in his deposition that he moved the ladder and the clamps after the accident involving Wilson occurred. We also note that there is conflicting testimony as to whether the ladder was delivered to the homeowner by the assemblymen or picked up by the homeowner at Cain's place of business.
The trial court cites two cases in support of its judgment, Home Ins. Co. v. National Tea Co., 577 So.2d 65, 74 (La.App. 1st Cir. 1990), writs granted, 580 So.2d 364, 365, modified on other grounds, 588 So.2d 361 (La.1991), and Nelton v. Astro-Lounger Mfg. Co., Inc., 542 So.2d 128, 131-32 (La.App. 1st Cir.1989). These cases are not controlling. While it is true that the seller in Home Ins. Co. was absolved of liability, it was only after trial on the merits. The case does not stand for legal authority supporting summary judgment in favor of a seller of an allegedly defective thing when material questions of fact are present.
Nelton too is distinguishable, albeit factually. In Nelton, the seller of an allegedly defective sofa bed obtained a summary judgment because it was uncontroverted that the product was sold in a sealed container and therefore, the court reasoned that the non-manufacturer seller could not have known of any alleged defect. As indicated above, in the case sub judice, some question exists regarding the condition of the pool and ladder at the time it left the store, at the time of delivery, and at the time of the accident.
*388 As we recently observed in the context of a retailer charged by plaintiffs with knowledge of a product's defects:
Summary judgment is rarely appropriate for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. Penalber v. Blount, 550 So.2d 577 (La.1989). This is the general rule and summary judgment may be granted if there is no issue of material fact concerning the matter at issue. Neuberger, Coerver v. Times Picayune Pub., 597 So.2d 1179 (La.App. 1st Cir.1992).
Viator v. P & A Well Service, Inc., 615 So.2d 51, 52 (La.App. 3d Cir.), writ denied, 617 So.2d 913 (La.1993).
Based on the foregoing, we conclude that material issues of fact exist regarding the condition of the ladder and the seller's knowledge or constructive knowledge thereof. Summary judgment was inappropriate because the seller's motion did not establish that it neither knew nor should have known of the alleged defect.

DECREE
For the foregoing reasons, the summary judgment granted in favor of Melissa Cain, the vendor of the allegedly defective swimming pool, is reversed at movant's costs and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] It is undisputed that Cain did not give any warning to the purchaser regarding the ladder.