DAVID S. GORBATY, Judge.
 

 Lin this appeal, plaintiffs contend that the trial court erred in granting the Motion for Summary Judgment filed by Mr. Wheelchair, Inc. (“Mr. Wheelchair”). For the reasons set forth below, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On June 12, 1998, Thelma Rodriguez leased a wheelchair from Orthoflex, Inc., DBA Healthstar, and eventually became the owner of the wheelchair, which was manufactured by Invacare Corporation. In 1999, Genesis Health Systems, Inc. and/or Kangaroo Medical, LLC assumed the maintenance and warning duties of Orthoflex, Inc. as to the wheelchair, through contractual agreement.
 

 In early July 2001, Rodriguez began complaining to her home care nurse that the wheelchair was becoming hard to steer. Later, it was determined that corrosion to the front caster wheel axle post on the right side was causing this problem. The nurse contacted Mr. Wheelchair, a local vendor of wheelchairs.
 

 James Cage, an employee of Mr. Wheelchair, came to Rodriguez’s home. He observed the sticking caster wheel. The parties discussed how to obtain a new wheelchair for Rodriguez given the Medicare regulations. One week later, before the new wheelchair could be obtained, Rodriguez fell in her home, allegedly due to the right front wheel falling off the wheelchair. Rodriguez sustained a fractured |2left femur in the fall, and her health deteriorated over the next year. She died in July 2002.
 

 Plaintiffs filed suit, alleging that Mr. Wheelchair “knew or should have known of the maintenance requirements for this product” and “knew or should have known of the wheelchair’s condition ... and negligently or intentionally allowed its use by Ms. Rodriguez.” Mr. Wheelchair filed a Motion for Summary Judgment, arguing that Mr. Wheelchair owed no duty to prevent the use of the wheelchair, and further, that plaintiffs failed to offer any proof that the wheelchair was a cause in fact of Rodriguez’s fall. After a hearing, the trial court granted the Motion for Summary Judgment, dismissing plaintiffs’ claims against Mr. Wheelchair. Plaintiffs subsequently filed this appeal.
 

 DISCUSSION
 

 Plaintiffs aver that the trial court erred in holding that Mr. Wheelchair had no legal duty to prevent Rodriguez from using her wheelchair.
 

 A summary judgment should be rendered if the “pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P.
 
 *559
 
 art. 966. The movant has the burden of establishing that reasonable minds must inevitably conclude that on the facts before the court the movant is entitled to judgment as a matter of law.
 
 See Insley v. Titan Insurance Co.,
 
 589 So.2d 10 (La.App. 1st Cir.1991). The applicable standard of review is
 
 de novo
 
 review, using the same criteria used by the district court in deciding whether summary judgment should be granted.
 
 Schroeder v. Board of Supervisors of Louisiana State University,
 
 591 So.2d 342 (La.1991).
 

 | ¡¡Where negligence is alleged, a finding of liability is predicated upon the existence of a duty and a subsequent breach thereof. Whether a duty is owed is a question of law, but whether the duty is breached is a question of fact.
 
 Mundy v. Department of Health and Human Resources,
 
 620 So.2d 811 (La.1993).
 

 Liability based on the negligence of a defendant is analyzed under a duty risk analysis: is the conduct a cause in fact of the resultant harm; did defendant owe a duty to plaintiff; was the duty breached; and was the risk or harm caused within the scope of the duty.
 
 Fox v. Board of Supervisors of Louisiana State University,
 
 576 So.2d 978 (La.1991). The determination of the existence of a duty and the scope of the risk involve policy determinations and are legal questions to be decided by the court. Breach of duty and causation are to be determined by the trier of fact.
 
 Meany v. Meany,
 
 94-0251 (La.7/5/94); 639 So.2d 229. In determining whether to impose a duty in a particular situation, the court may consider various moral, social, and economic factors, including whether the imposition of a duty would result in an unmanageable flow of litigation; the ease of association between the plaintiffs harm and the defendant’s conduct; the economic impact on society as well as the economic impact on similarly situated parties; the nature of the defendant’s activity; moral considerations, particularly victim fault; and precedent as well as the direction in which society and its institutions are evolving.
 
 Id.
 
 at 233.
 

 Mr. Wheelchair did not manufacture Rodriguez’s wheelchair or sell it to her. It had never serviced or otherwise maintained her wheelchair. Mr. Wheelchair’s employee, Cage, saw Rodriguez on only one occasion: when he visited her to discuss obtaining a new wheelchair. He did not come to her home to evaluate the mechanical condition of her existing wheelchair, or to discuss repairs to that chair. |4Cage is a salesman, not a service or maintenance technician. Although he observed the sticking caster wheel, he was not asked to repair it or arrange for maintenance. The only topic of discussion was how to obtain a new wheelchair for Rodriguez given the Medicare regulations. The affidavit of Darnell Menasco, one of Rodriguez’s daughters, confirms that Cage was only involved to assist in procuring a new wheelchair. Cage had no control over whether Rodriguez would or should use her existing wheelchair, nor was he asked to make any recommendations in this regard.
 

 In the instant case, there is no ease of association between plaintiffs’ harm and the defendant’s conduct in this case. Cage did what he was asked to do: start the process of obtaining a new wheelchair for plaintiff. We find that the trial court was correct in its determination that defendant had no duty whatsoever with regard to the existing wheelchair.
 

 In light of this ruling, the issue of whether the sticking caster wheel was a cause in fact of Rodriguez’s accident is moot and need not be addressed.
 

 
 *560
 

 CONCLUSION
 

 There are no genuine issues of material fact. The summary judgment was properly granted. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
 

 AFFIRMED.